## STATE v. ED SNELSON *et al.*

No. A-2857.   Opinion Filed January 20, 1917.

(162 Pac. 444.)

1.  **PROSECUTING ATTORNEYS — County Attorneys — Duties Of.**
The statutes of Oklahoma make it the duty of county attorneys to guard the interests of the state and public, and specifically confer authority upon them to commence criminal actions on behalf of the state.

2.  **STATES — Commissioner of Charities and Corrections — Duties of.**  Held, that the provisions of section 8099, Rev. Laws 1910, making it the duty of the Commissioner of Charities and Corrections to prosecute certain offenders, does not confer additional authority upon the Commissioner of Charities and Corrections, but only imposes a duty upon him to prosecute such offenders through the regular channels existing for the prosecution of criminal offenses.

*Error from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

Proceeding by the State of Oklahoma against Ed. Snelson and others. The action was dismissed, and the State appeals. Affirmed.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *Jarrett Todd,* for the State.

*B. D. Shear, A. T. Boys,* and *Frank N. Watson,* for defendants in error.

BRETT, J. This appeal is by transcript. It appears that complaint was duly made to William D. Matthews, Commissioner of Charities and Corrections of the State of Oklahoma, against the defendants in error, who were police officers of the city of Oklahoma, charging that said officers committed an unwarranted assault and battery upon one R. E. Watson, whom they had under arrest, and struck said Watson on the head with a six-shooter with such force and violence as to render him unconscious. It also appears that the Commissioner of Charities and Corrections insisted that the county attorney of Oklahoma county prosecute said officers, which he declined to do; that the Commissioner of Charities and Corrections then instituted prosecution in the county court, by filing an information indorsed by himself, as Commissioner of Charities and Corrections, relying upon the provisions of section 8099, Rev. Laws 1910, for such authority. This statute provides that:

"On the complaint of one or more responsible citizens, in the form of a sworn affidavit against any county, city, private institution, corporation or organization named in this article, the Commissioner of Charities and Corrections shall make a full investigation, and when the things and conditions complained of are found to be true, the Commissioner of Charities and Corrections shall have the power to order an abatement of the wrongful conditions by the officers of the institutions, corpora-

tions or organizations herein mentioned. In event of a refusal to obey such order, it shall be the duty of the Commissioner of Charities and Corrections to prosecute such officers of said public, private institutions, corporations or organizations in some court of competent jurisdiction."

A motion was filed to dismiss the action on the ground that the information was not indorsed and approved by the county attorney; and later a demurrer was filed attacking the right of the court to proceed with the action, based upon substantially the same grounds. Both the motion and the demurrer were sustained, and the action was dismissed.

The sole question presented by the appeal is whether or not section 8099, Rev. Laws 1910, gives the Commissioner of Charities and Corrections the authority to institute a criminal action and prosecute the same, without the indorsement and approval of the county attorney, by himself indorsing the information as Commissioner of Charities and Corrections.

Section 5694, Rev. Laws 1910, provides that:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same."

And it has been consistently held by this court that, under this statute, "it is essential to the validity of an information charging a misdemeanor that it be signed by the county attorney, as his signature is expressly required by the statute." *McGarrah v. State,* 10 Okla. Cr. 21, 133 Pac. 260; *Reed v. State,* 2 Okla. Cr. 589, 103 Pac. 1042. This is not an arbitrary rule, but the statute is based upon experience and reason. Every criminal

offense committed is an offense against the peace and dignity of the state, and it is the duty of the county attorney to guard the interests of the state, and the public, and as a quasi judicial officer to determine, before an action is filed, whether or not the matters complained of constitute an offense against the state. Hence the authority to commence criminal actions on behalf of the state has, by the Legislature, been intrusted to the county attorneys of the different counties of the state, and certain other officials, as stated in *Viers v. State,* 10 Okla. Cr. 28, 134 Pac. 80, and *Ex parte Kelly,* 45 Okla. 577, 146 Pac. 444. And it is, we think, undoubtedly within the power of the Legislature to also grant this authority to the Commissioner of Charities and Corrections if it should see fit to do so. But we think it has not done this by the terms of section 8099, Rev. Laws 1910; but that all this section does is to impose upon the Commissioner of Charities and Corrections the duty to prosecute the classes of offenders specified through the regular channels existing for the prosecution of offenders.

A "prosecutor" is defined as:

"* * * One who instigates a prosecution, by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation based." Words and Phrases, Second Series, vol. 3, p. 1311; 6 Words and Phrases, p. 5739; *Eady v. State,* 10 Ga. App. 818, 74 S. E. 303.

And section 8099, Rev. Laws 1910, we think, does not even attempt to confer additional authority upon the Commissioner of Charities and Corrections, but only imposes a duty upon him, which is to be performed through the regular and existing channels for the prosecution of offenders.

.    Before the Commissioner of Charities and Corrections could legally indorse complaints and informations, and institute criminal actions on behalf of the state, that authority would have to be specifically conferred by statute; and, until that is done, he only has a duty imposed by statute, to be performed in the same way as performed by other "prosecutors"; and, as other "prosecutors," he must submit to the judgment of the county attorneys of the state as to whether or not the parties complained of are offenders against the penal statutes of the state.

The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.