# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| STATE OF WASHINGTON, | No.  48841-8-II |
| --- | --- |
| Respondent, | |
| v. | |
| BOBBIE HANSEN aka BOBBIE H. VALENTICH, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Bobbie Hansen aka Bobbie H. Valentich appeals her bench trial convictions for methamphetamine possession and willful refusal to provide information (willful refusal). She argues that (1) Lewis County's ordinances underlying her willful refusal conviction are unconstitutionally vague, (2) insufficient evidence supports her willful refusal conviction, and (3) the methamphetamine seized during her arrest was improperly admitted because the ordinances underlying her arrest were unconstitutional. We conclude that the phrase "identifying information" is not vague and that, upon request, an ordinary person would understand a request for identifying information to mean that she is required to provide her first and last name as common identifying information. Thus, we reject Hansen's arguments and affirm her convictions.

FACTS

I. BACKGROUND FACTS[1]

In April 2015, Lewis County Code Enforcement Officer Smokey Padgett and Lewis County Deputy Sheriff Tim English approached Hansen's property to investigate possible county solid waste, septic, and building code violations. Officer Padgett observed a building and garbage on the property. He believed permits were required to build, own, or occupy the building and to store garbage on the property, and he knew no one had obtained such permits.

From the roadway adjacent to Hansen's property, Deputy English and Officer Padgett spoke with an individual later identified as Hansen. Officer Padgett's office had previously communicated with an individual named Bobbie Hansen about violation notices, but neither Officer Padgett nor Deputy English had met Hansen in person or even knew her gender, and they were unable to find her in law enforcement databases.

Officer Padgett told Hansen he was a code compliance officer and tried to speak with her about the alleged code violations that he observed on the property. Officer Padgett and Deputy English each asked Hansen to provide her name, but Hansen refused and also denied being the property owner. Officer Padgett asked the woman if her name was "Bobbie," and she stated her first name was Bobbie but continued to refuse to provide her last name. Clerk's Papers (CP) at 51. Officer Padgett informed Hansen that the county code required that she provide identifying information when asked by a code enforcement officer, and Officer Padgett again requested

---

[1] The background facts are based on the trial court's findings of fact following the bench trial.

Bobbie's full name.[2]  Hansen admitted that she refused to provide her last name.  Officer Padgett referred the matter to the Lewis County Prosecutor's Office.

Based on Officer Padgett's referral, the State charged "Jane Doe" in Lewis County District Court for willful refusal in violation of three Lewis County Code (LCC) provisions.  The trial court issued a summons after finding probable cause that Jane Doe willfully refused to provide identifying information as required by the three sections of the LCC.

Officer Padgett identified a social media account belonging to a person named Bobbie Hansen, whom Officer Padgett recognized from a picture and references to the property where he had talked with Hansen.  Officer Padgett provided Deputy English with a phone number for Hansen, which Deputy English used to contact her.  Deputy English called Hansen and arranged to meet at her property to serve the summons, but Hansen failed to show up at the appointed time.  Deputy English left a voicemail detailing the date, time, and location of Hansen's district court arraignment, and Hansen received actual notice of the hearing.  When she failed to appear for her arraignment at district court, a bench warrant was issued for her arrest.  On June 8, 2015, Deputy English went to Hansen's property and placed Hansen under arrest.  During the arrest, Hansen threw a small glass tube that Deputy English retrieved.  The tube was later determined to contain methamphetamine.

---

[2] "Full name" as used in this opinion means first and last names.

## II. PROCEDURAL FACTS

Hansen was charged with possession of methamphetamine and willful refusal to provide information contrary to LCC 1.20.040(4)(b)-(c), and/or LCC 8.45.130(4)(a), and/or LCC 15.05.110(b)(1)b.-c.

Before trial, Hansen moved to suppress the methamphetamine, arguing that her arrest was based on unconstitutionally vague ordinance provisions. The trial court denied the motion to suppress, concluding that the challenged provisions were constitutionally applied and that Hansen's arrest, leading to the discovery of her methamphetamine possession, was valid.

Hansen waived her right to a jury trial, and the trial court conducted a "stipulated facts trial."[3] Hansen was found guilty of one count of possession of methamphetamine and one count of willful refusal to provide information to a code enforcement officer. The trial court concluded, in part, that providing a first name was not sufficient identifying information to satisfy the ordinances. Hansen appeals her convictions.

## ANALYSIS

### I. UNCONSTITUTIONAL VAGUENESS

Hansen argues that certain Lewis County ordinances[4] are unconstitutionally vague. We disagree.

---

[3] At trial, in lieu of calling witnesses, the parties presented the trial court with a document titled "Stipulated Facts," which contained facts that individual witnesses would testify to if called to present testimony at trial. The trial court entered findings of fact based on the Stipulated Facts.

[4] LCC 1.20.040(4)(b)-(c); LCC 8.45.130(4)(a); LCC 150.05.110(b)(1)b.-c.

A. RULES OF LAW

The constitutionality of county ordinances is a question of law that we review de novo. *State v. Watson*, 160 Wn.2d 1, 5, 154 P.3d 909 (2007). The party arguing that an ordinance is unconstitutionally vague has the heavy burden of proving the ordinance's unconstitutionality beyond a reasonable doubt. *Watson*, 160 Wn.2d at 11.

A vague ordinance violates due process. *Watson*, 160 Wn.2d at 6. An ordinance is unconstitutionally vague if either "'(1) [the ordinance] does not define the criminal offense with sufficient definiteness [such] that ordinary people can understand what conduct is proscribed; or (2) [the ordinance] does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *Watson*, 160 Wn.2d at 6 (internal quotation marks omitted) (quoting *State v. Williams*, 144 Wn.2d 197, 203, 26 P.3d 890 (2001)). A statute is sufficiently definite under the first prong if "'persons of ordinary intelligence can understand what the ordinance proscribes, notwithstanding some possible areas of disagreement.'" *Watson*, 160 Wn.2d at 7 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 179, 795 P.2d 693 (1990)). Under the second prong, a statute is unconstitutionally vague if it provides no standards allowing law enforcement and fact finders to subjectively decide what conduct the statute requires. *State v. Evans*, 177 Wn.2d 186, 207, 298 P.3d 724 (2013).

Statutes requiring individuals to identify themselves upon request by law enforcement have been held unconstitutional when they do not provide a clear standard for when the statute applies and afford too much discretion to law enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 353 n.1, 361, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983); *State v. White*, 97 Wn.2d 92, 100, 640 P.2d 1061 (1982). However, statutes requiring identification are not unconstitutionally vague when

5

they provide standards that constrain law enforcement discretion and provide standards for satisfying the statute. *See Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County*, 542 U.S. 177, 183-85, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004).

Where possible, we construe ordinances so as to preserve their constitutionality. *State v. Williams*, 171 Wn.2d 474, 476-77, 251 P.3d 877 (2011). Ordinances are to be interpreted under the same rules of statutory construction as are state statutes. *Sleasman v. City of Lacey*, 159 Wn.2d 639, 643, 151 P.3d 990 (2007). Any term not defined within the ordinance must be accorded its plain and ordinary meaning unless a contrary intent appears. *Sleasman*, 159 Wn.2d at 643. When a statute does not define a term, we may consider the plain and ordinary meaning as set forth in a standard dictionary. *State v. Bahl*, 164 Wn.2d 739, 754, 193 P.3d 678 (2008).

## B. CHALLENGED ORDINANCES

Three LCC provisions underlie Hansen's charge for willful refusal. The language at issue is identical in all three. Each ordinance provides that the person apparently in violation of regulations referenced in the ordinances shall "[u]pon request" of an authorized official provide "information identifying themselves." LCC 1.20.040(4)(b); LCC 8.45.130(4)(a); LCC 15.05.110(b)(1)b.

## C. CHALLENGED LANGUAGE

Hansen argues that the ordinances are vague[5] because they do not clearly define what specific "information identifying" a person must provide to law enforcement to satisfy the

---

[5] Hansen appears to argue that the challenged ordinances are vague both facially and as applied. For example, she raises a number of hypothetical situations in which the ordinances may be considered vague. However, when a challenged ordinance does not implicate the federal First Amendment rights, we evaluate vagueness challenges by examining only the statute as applied to the particular facts of the case. *State v. Eckblad*, 152 Wn.2d 515, 518, 98 P.3d 1184 (2004).

ordinances. Hansen also argues that the ambiguity of the language "provide information identifying themselves" invites arbitrary enforcement and subjective decision-making because it allows law enforcement to determine whether the amount of information provided by the person is satisfactory. We disagree.

At issue is the statutorily undefined phrase "information identifying" a person and whether this term (1) notifies Hansen that she was obligated to provide her full name upon Officer Padgett's and Deputy English's requests and (2) provides a standard adequate to prevent arbitrary enforcement. *See State v. Boyd*, 137 Wn. App. 910, 917, 155 P.3d 188 (2007).

Undefined terms are accorded their plain and ordinary meaning. *Sleasman*, 159 Wn.2d at 643. The State asserts, and we agree, that the plain meaning of the ordinances requires an individual suspected of a code violation to provide, upon request by an authorized official, at least the minimum information identifying a person in our society, which is their full name. *See Hiibel*, 542 U.S. at 184-85. A person of ordinary intelligence can understand that an ordinance requiring a person to provide identifying information to law enforcement requires the person to provide at a minimum their full name. *See Watson*, 160 Wn.2d at 7.

The plain meaning of the challenged ordinances may also be understood by constructing the contested language using dictionary definitions. *Bahl*, 164 Wn.2d at 754. According to *Black's Law Dictionary* 862 (10th ed. 2014), to "identify" is to "prove the identity of (a person or thing)." In turn, "identity" is "[t]he distinguishing personality or attributes of an individual." BLACK'S 863.

---

Hansen does not allege that the challenged provisions infringe on a First Amendment right, so we do not address arguments that the ordinances are facially unconstitutional. Thus, we examine only whether the ordinances are unconstitutional "as applied" to Hansen's conduct. *Eckblad*, 152 Wn.2d at 518.

From these definitions, it follows that if a person provides "information identifying" themselves, they would provide information that *proves the distinguishing personality of that person*. The word "name" is defined as "[a] word or phrase identifying or designating a person or thing and distinguishing that person or thing from others." BLACK'S 1181. These definitions support that "information identifying" a person includes at least a full name, which identifies and designates a person and distinguishes one person from another in our society.

We hold that persons of ordinary intelligence can understand that the ordinances require a person to provide their full names when asked to identify themselves.

### D. *HIIBEL*

Both Hansen and the State discuss *Hiibel*, in which the United States Supreme Court upheld a statute that required a person to "identify himself" during a *Terry*[6] stop. In that case, the Nevada Supreme Court had interpreted the statute to require disclosure of the individual's name upon law enforcement request. *Hiibel*, 542 U.S. at 183-85. The United States Supreme Court upheld the state court's interpretation of this language. *Hiibel*, 542 U.S. at 185. The parties disagree about whether *Hiibel* is relevant to this case. The State argues that *Hiibel* supports a conclusion that the challenged ordinances properly required Hansen to provide a full name upon request. Hansen argues that *Hiibel* is inapplicable because the case was resolved on United States Constitution Fourth and Fifth Amendment grounds and only discussed vagueness in dicta.[7] We agree with the State.

---

[6] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[7] In her reply brief, Hansen argues for the first time that the challenged ordinances violate her Fifth Amendment right to remain silent. Because she raises this issue for the first time in her reply brief and because she specifically states in her brief of appellant that "*Hiibel* concerns the appellant's

While Hansen is correct that *Hiibel* centered on Fourth and Fifth Amendment challenges, the Court stated in dicta that the statute was not void for vagueness because it had a definite standard for when it applied (when law enforcement encounters a person "'under circumstances which reasonably indicate that the person has committed, is committing or is about to commit a crime'") and it had been construed by the state court to require individuals to provide their name. 542 U.S. at 181 (quoting NEV. REV. STAT. 171.123); *Hiibel v. Sixth Judicial Dist. Court ex rel. County of Humboldt*, 118 Nev. 868, 875, 59 P.3d 1201 (2002), *aff'd*, 542 U.S. 177 (2004). These characteristics ensured that the statute had a narrow and precise scope, notifying individuals of the proscribed conduct and providing a clear standard to prevent arbitrary enforcement. *Hiibel*, 542 U.S. at 184-85.

Although *Hiibel* addressed Fourth and Fifth Amendment challenges, challenges that are not raised nor decided here, the reasoning in *Hiibel* is still helpful on the issue of vagueness. We hold that the ordinances challenged by Hansen are as definite as the statute upheld in *Hiibel*. Similar to *Hiibel*, the ordinances challenged by Hansen apply only when an individual is suspected of legal violation. *See* LCC 1.20.040(4)(b); LCC 8.45.130(4)(a); LCC 15.05.110(b)(1)b.; 542 U.S. at 184-85. And both the *Hiibel* statute and challenged ordinances require disclosure of "identifying information" upon law enforcement "request." *See* LCC 1.20.040(4)(b); LCC 8.45.130(4)(a); LCC 15.05.110(b)(1)b.; 542 U.S. at 183. Thus, *Hiibel* supports the conclusion that the challenged language is not unconstitutionally vague.

---

Fifth Amendment privilege . . . , a claim not raised in Ms. Hansen's constitutional challenge," we do not consider Hansen's Fifth Amendment arguments. Br. of Appellant at 27.

E. *KOLENDER* AND *WHITE*

Some statutes requiring suspects to identify themselves have been held unconstitutionally vague. *Kolender* and *White* held that the statutes at issue there were unconstitutionally vague for lack of articulated standards or limitations. 461 U.S. at 361; 97 Wn.2d at 104. Hansen argues that *Kolender* and *White* are controlling authority. *See* 461 U.S. at 353; 97 Wn.2d at 102. We disagree.

*Kolender* held a statute unconstitutionally vague that required one "'to identify himself and to account for his presence when requested by any peace officer'" by providing "credible and reliable" information. 461 U.S. at 353 n.1, 357 (quoting CAL. PENAL CODE § 647(e)). Because the statute provided no standard for determining credibility and reliability, the statute led to a risk of arbitrary enforcement. *Kolender*, 461 U.S. at 358-60. Similarly, in *White*, our Supreme Court held unconstitutional a statute providing that it was a misdemeanor to "'obstruct any public servant'" by failing, "'without lawful excuse,'" to provide true information "'lawfully required'" of an individual by a "'public servant.'" 97 Wn.2d at 95-96 (quoting RCW 9A.76.020). Because the statute failed to provide "specific, objective facts or neutral limitations so as to justify the initial stop" and enabled "standardless and unconstrained discretion," the statute was unconstitutionally vague. *White*, 97 Wn.2d at 100-01.

*White* is additionally distinguishable to the extent that *White* also resolved a Fourth Amendment prohibition against unreasonable searches and seizures—issues that Hansen does not raise here. It is, however, instructive to compare the unconstitutionally vague statutes in *Kolender* and *White* to the Nevada statute upheld in *Hiibel*. The *Hiibel* Court compared the vague statute in *Kolender* with the valid Nevada statute and found that the Nevada statute was "narrower and more

precise" than the *Kolender* statute. 542 U.S. at 184. Specifically, while the Nevada statute requiring individuals to identify themselves had been interpreted to require a full name, which is a clear standard, the statute in *Kolender* required disclosure of "'credible and reliable' identification," a term found vague and subject to arbitrary enforcement. *Hiibel*, 542 U.S. at 184-85. *White* similarly failed to provide a clear standard for enforcement and permitted "unconstrained discretion" by the individual enforcing the law. 97 Wn.2d at 100-01.

The vague statutes in *Kolender* and *White* are distinguishable from the statute upheld in *Hiibel* and from the ordinances challenged by Hansen. The ordinances Hansen challenges are "narrower and more precise" than the vague statutes in *Kolender* and *White* because the ordinances provide a clear standard by requiring disclosure of "identifying information" and the ordinances do not contain language subject to arbitrary enforcement. *See Hiibel*, 542 U.S. at 184. As such, *Kolender* and *White* fail to support Hansen's argument that the challenged provisions are unconstitutionally vague.

## F. PRIOR CONTACTS WITH COUNTY

In an effort to show why the ordinances are vague in her particular circumstances, Hansen asserts that she provided her first name upon request by law enforcement and, when coupled with her prior contacts with the county, this made it possible for law enforcement to identify who she was, thus she arguably satisfied the ordinances. The State responds that the ordinances clearly require individuals to provide identifying information at the time it is requested by an authorized official, such that information provided during prior contacts with the county may not satisfy the express requirements in the statute.

The State is correct because the ordinances require that individuals provide information identifying themselves "[u]pon request of the authorized official," not information that, when coupled with information from prior contacts, permits identification. LCC 1.20.040(4)(b); LCC 8.45.130(4)(a); LCC 15.05.110(b)(1)b.-c.

The ordinances required Hansen to provide, *upon request*, a full name. The fact that Hansen had interacted with county officials in the past regarding code violations did not relieve her of the requirement to provide identifying information at the time it was requested.

The ordinances at issue describe the offense with sufficient definiteness that ordinary persons understand what is required and the ordinances provide clear standards to protect against arbitrary enforcement. Thus, we hold that Hansen has failed to uphold her heavy burden to show that the ordinances are unconstitutionally vague.

## II. SUFFICIENCY OF EVIDENCE

Hansen argues that the State presented insufficient evidence to convict her of willfully refusing to provide identifying information. The State argues that the State presented sufficient evidence to support Hansen's willful refusal conviction. We agree with the State.

### A. RULES OF LAW

The State must prove all elements of a charged crime beyond a reasonable doubt. U.S. CONST. amend. XIV, § 1; *State v. Colquitt*, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). When reviewing a challenge to the sufficiency of the evidence following a bench trial, the appellate court asks whether "substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014) (citing *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005)).

Where the defendant does not challenge any of the trial court's findings of fact, we consider them verities on appeal. *State v. Bliss*, 153 Wn. App. 197, 203, 222 P.3d 107 (2009) (citing *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994)).

The challenging party bears the burden of establishing that the evidence was not sufficient. *State v. Eckenrode*, 159 Wn.2d 488, 496, 150 P.3d 1116 (2007). An individual challenging the sufficiency of the evidence admits the truth of the State's evidence, and all reasonable inferences are drawn in favor of the State. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.2d 410 (2004).

The appellant must "present argument supporting the issues presented for review, citations to legal authority, and references to relevant parts of the record. 'Assignments of error unsupported by citation authority will not be considered on appeal unless well taken on their face.'" *State v. Bello*, 142 Wn. App. 930, 932 n.3, 176 P.3d 554 (2008) (quoting *State v. Kroll*, 87 Wn.2d 829, 838, 558 P.2d 173 (1976)).

To convict a person of "[w]illful refusal to provide information" under LCC 1.20.040(4)(c), LCC 8.45.130(4)(a), and LCC 15.05.110(b)(1)b.-c., the State must prove beyond a reasonable doubt that the charged individual (1) was allegedly or apparently in violation of an ordinance related to building, zoning, safety, environmental health, quality of life, solid waste regulation, and/or building codes; (2) was requested by an authorized official to provide information identifying herself; and (3) willfully failed to provide that information.

B. SUFFICIENT EVIDENCE SUPPORTS HANSEN'S CONVICTIONS

Hansen asserts that the State did not provide sufficient evidence that she willfully refused to provide information. To support this argument, Hansen (1) assigns error to numerous findings of fact and (2) asserts that the State failed to prove beyond a reasonable doubt that she willfully

refused to provide information. In response, the State argues that sufficient evidence supports Hansen's conviction because (1) all challenged findings of fact are supported by the record and (2) the findings of fact from the trial support Hansen's convictions because she repeatedly failed to provide her full name to the county officials. We reject Hansen's arguments.

1.    SUBSTANTIAL EVIDENCE SUPPORTS THE TRIAL COURT'S FINDINGS OF FACT

Hansen assigns error to numerous findings of fact from the suppression hearing.[8] Despite bearing the burden of proof, *see Eckenrode*, 159 Wn.2d at 496, Hansen fails to present argument or citation to the record to support her assignments of error to these factual findings. Because Hansen fails to present arguments or citations to the record, we do not consider her assignments of error to the factual findings. *Bello*, 142 Wn. App. at 932 n.3 (citing *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990)). As such, the trial court's factual findings are verities on appeal. *Bliss*, 153 Wn. App. at 203.

2.    THE TRIAL COURT'S CONCLUSIONS OF LAW ARE SUPPORTED BY ITS FACTUAL FINDINGS

Hansen argues that the State failed to prove beyond a reasonable doubt that she refused to provide information identifying herself. In making this claim, Hansen appears to challenge two conclusions of law rendered by the trial court.[9]

---

[8] Hansen assigns error to numerous findings of fact from both the suppression hearing and trial. However, her issue statement for the sufficiency of the evidence issue explicitly states that the assignments of error associated with her sufficiency challenge are assignments of error 1, 4, 5, 6, 7, and 8. These enumerated assignments of error associated with the sufficiency issue are factual findings from the *suppression* hearing and do not include any assignments of error to factual findings made at the trial.

[9] Hansen does not explicitly state which conclusions of law she is challenging in her sufficiency claim. However, Hansen does argue that the State presented insufficient evidence to support her conviction and she assigns error to all of the trial court's legal conclusions. The conclusions of law relevant to her sufficiency arguments are conclusions of law 2.2 and 2.3.

First, Hansen challenges the conclusion of law that she is guilty beyond a reasonable doubt of willfully refusing to provide identifying information. We address whether the conclusion of law is supported by the factual findings. *Homan*, 181 Wn.2d at 105-06.

Factual findings support Hansen's willful refusal conviction. The offense requires proof beyond a reasonable doubt of three elements, but Hansen argues only that the State failed to prove the third element—that is, that she willfully refused to comply with Officer Padgett's and Deputy English's requests for information. As discussed above, the challenged ordinances plainly required Hansen to provide at least her full name upon request by Officer Padgett and Deputy English. LCC 1.20.040(4)(b)-(c); LCC 8.45.130(4)(a); LCC 150.05.110(b)(1)b.-c.

The trial court's factual findings show that Hansen repeatedly failed to comply with Officer Padgett's and Deputy English's requests that she provide her full name. While Hansen admitted her first name was Bobbie, she never provided her last name. Even after Officer Padgett informed Hansen that she was required by law to provide her full name, she refused. This demonstrates that her refusal to provide information was willful. Thus, the trial court's conclusion of law that Hansen is guilty beyond a reasonable doubt of failing to provide identifying information on request by law enforcement is supported by its factual findings.

Second, Hansen appears to challenge the conclusion of law that providing her first name was not sufficient to satisfy the ordinance. Hansen argues that the terms "information" and "information identifying" are undefined and that she arguably complied with the ordinance when she provided her first name to Officer Padgett and Deputy English at the time it was requested and had previously communicated with the county using her full name. This argument fails.

Contrary to Hansen's assertions, the ordinances plainly require an individual to provide a full name *upon request*. LCC 1.20.040(4)(b)-(c); LCC 8.45.130(4)(a); LCC 150.05.110(b)(1)b.-c. The information that Hansen provided to the county before her interaction with Officer Padgett and Deputy English cannot satisfy the requirement that she provide her full name upon request. The trial court's conclusion that she failed to satisfy the ordinance when she provided only her first name to Officer Padgett and Deputy English is supported by the factual findings, which demonstrate that she did not give her full name at the time it was requested. *See Homan*, 181 Wn.2d at 105-06. Because the conclusions of law are supported by the factual findings, sufficient evidence supports Hansen's conviction for willful refusal. *Homan*, 181 Wn.2d at 105-06.

### III. SUPPRESSION OF METHAMPHETAMINE

Briefly, Hansen argues that her arrest was predicated on unconstitutionally vague ordinances such that the methamphetamine discovered pursuant to the arrest was not properly admitted.[10] The State argues that the methamphetamine was properly admitted because the ordinances underlying Hansen's arrest were valid and the methamphetamine was lawfully discovered. We reject Hansen's argument.

"We review a trial court's denial of a suppression motion to determine whether substantial evidence supports the challenged findings of fact and whether these findings support the trial court's conclusions of law." *Bliss*, 153 Wn. App. at 203 (citing *State v. Mendez*, 137 Wn.2d 208, 214, 970 P.2d 722 (1999), *overruled on other grounds by Brendlin v. California*, 551 U.S. 249,

---

[10] Hansen states that assignments of error "12-26, and 23" are associated with this issue. Br. of Appellant at 7. There are 23 assignments of error, so it appears that the reference to "12-26" is a scrivener's error.

127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007)). However, Hansen's challenge to the motion and her argument on appeal hinge on a question of law that we review de novo. *Watson*, 160 Wn.2d at 5.

Hansen's argument relies on the assumption that the ordinances underlying her arrest were in fact unconstitutionally vague. This argument fails because, as discussed above, the challenged ordinances are not vague as applied to Hansen. The trial court did not commit error when it denied Hansen's motion to suppress because the challenged provisions were constitutionally applied to Hansen.

We hold that (1) the challenged ordinances are not unconstitutionally vague, (2) sufficient evidence supports Hansen's conviction for willful failure to provide identifying information, and (3) the trial court properly denied Hansen's motion to suppress. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON J.

We concur:

WORSWICK, J.

BJORGEN, C.J.