## J. E. YOUNGBLOOD v. STATE.

No. A-5112. Opinion Filed Nov. 28, 1925.
(240 Pac. 1100.)

E. H. Bond, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Stephens county on a charge of transporting intoxicat-

ing liquor, the plaintiff in error, hereinafter called defend-ant, has appealed.

The evidence is very brief, and on the part of the state is that of two police officers who testify that they were traveling on the highway east of Duncan, saw the defendant, who was traveling on foot, called to him to halt, that he did so and threw a bottle, of the appearance of a catsup bottle, at a post, and that they recovered the bottle. One of the witnesses testified he tasted the contents, and the other that he smelled it, and it was corn whisky. They testified further that at the time the defendant told them that he had found the bottle farther down the road and showed them the place where he claimed to have found it; that one of them delivered the bottle to the sheriff.

The defendant testified that he was walking along the highway and found a bottle, apparently a catsup bottle, containing a small quantity of liquid, that two other persons came to him there and they tasted the contents to see if it was whisky, but that it was unfit to drink, and they poured it out, and that he carried the bottle with him until apprehended by the police officers, and that when hailed he threw the bottle at a post and broke it, as he did not want them to find him with it in his possession. There was some other evidence in corroboration of the defendant's testimony. The sheriff testified that he did not recall that the police officers delivered the whisky to him, and that he did not have possession of it.

Two witnesses in behalf of defendant testified that they saw him pick up a bottle on the highway, and that he called to them, and they went to him and tasted the contents of the bottle, that it appeared to be a very "rotten" grade of whisky, unfit for drinking, and that it was there poured out.

At the close of the evidence for the state, and just be-

fore the close of the entire evidence, the defendant demanded the production of the bottle and contents alleged to have been seized, which request was by the court overruled. Upon this record it is contended that the evidence is insufficient to sustain a conviction.

Section 7016, Comp. St. 1921, requires that all liquors seized by any officer, either with or without a search warrant, shall, within five days, be delivered to the sheriff of the county and the sheriff's receipt taken, that the sheriff shall retain the same until destroyed by order of court, and that such liquors shall be preserved for use as evidence in the trial of any action growing out of such seizure, and the officer seizing such liquors shall mark the bottles or containers for identification by writing thereon the date of the seizure and the name of the person from whom seized. The sheriff is made liable on his bond for the safekeeping of such property. In the following section it is made a misdemeanor for any officer to fail to comply with the provisions of the preceding section.

This court has held that a failure to comply with the provisions of the statute referred to does not render invalid a search lawfully made. Such statute evidently was enacted to prevent a misapplication or misuse of property seized under the gambling laws and the prohibitory liquor laws. It is not, however, always essential that the intoxicating liquor used in the violation of the law be introduced in evidence, but the wisdom of the statute referred to is manifested in a case of this kind, where the proof is of an inconclusive and unsatisfactory character. Under the evidence, the liquor in question, if it existed, should, upon the request of counsel, have been produced, that it might be introduced in evidence. If it did not exist or had not been delivered to the sheriff, such fact would tend to corroborate the theory of the defendant. We are not satis-

fied that the guilt of defendant has been proven with that degree of certainty required by law.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.