# STATE v. CECIL GRAGG.

No. A-9680.   Feb. 6, 1941.
(110 P. 2d 321.)

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., both of Oklahoma City, for the State.

James B. Barnett and Dave Tant, both of Oklahoma City, for defendant.

BAREFOOT, P. J. Cecil Gragg, defendant, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, was tried before the court without a jury. A demurrer was sustained by the court, and defendant was discharged. From the ruling of the court the state has appealed on a reserved question of law.

In Oklahoma Statutes 1931, section 3191, O. S. A. title 22, sec. 1053, it is provided:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the state."

It is under section 3 of the above statute that the state has appealed, contending that the court erred in its ruling in sustaining the demurrer of the defendant to the evidence and discharging the defendant.

The facts were that defendant was arrested by Police Officers P. L. Borden and J. G. Muse of Oklahoma City, on the 20th day of August, 1937, in possession of 14 pints of tax-paid liquor at a public parking station in Oklahoma City. The officers had procured a search warrant for the purpose of searching defendant's truck. They had been watching the same before the securing of such warrant. When they approached the truck with the search warrant

they found the defendant, Cecil Gragg, in possession of six pints of whisky which he had just taken from the truck, and eight additional pints were found in the truck. The officers testified that it was tax-paid liquor, manufactured by a standard distillery and bore federal revenue stamps across the top which were unbroken. The defendant was arrested and the liquor was turned over to a police lieutenant, G. G. Kelley, and it was destroyed by virtue of an order issued by Judge Merrel Siler, police judge, as had been the custom prior to the decision of this court in the case of Doss Grimes v. State, 65 Okla. Cr. 99, 83 P. 2d 410. Officers Kelley and Muse corroborated the evidence of Officer Borden.

Mr. Kelley testified that he destroyed the liquor; that the bottles were labeled whisky; that it had the government stamps on it, which were unbroken; that it smelled like whisky when the bottles were broken. A copy of the order for the destruction of the liquor was introduced in evidence. With the introduction of this evidence the state rested, and the court sustained the demurrer to the evidence of the state and discharged the defendant for the reason that the "intoxicating liquor set forth in the information has not been produced as requested by the defendant, and for the further reason that the arrest and its inception is illegally made."

The assistant county attorney, Mr. Daugherty, stated:

"We want to take an exception, first, to sustaining the demurrer, and then also an exception to dismissing the case and discharging the defendant; and then we want to move the court to retain the defendant under bond, and we give notice of appeal."

In the judgment rendered by the court the following appears:

"Thereupon the defendant herein demurs to the evidence offered by the state, and moves that the case be dismissed and the defendant discharged; and the court, having heard the argument of counsel, and having heard the evidence, and being fully advised, finds that the fourteen (14) pints of tax-paid liquor involved in the action was not available for evidence at the trial, and therefore finds, and so orders, that the demurrer should be sustained, and the case dismissed, and the defendant discharged; to which finding, order and ruling of the court the State of Oklahoma at the time excepts and exceptions were allowed, as to the sustaining of the demurrer to the evidence, and also to the dismissing of the case and discharging the defendant, and moves that the court retain the defendant under bond.

"And it is further ordered and adjudged by the court that the sureties on the bail bond of the defendant, Cecil Gragg, be, and they are, hereby exonerated and discharged from further liability by reason of their undertaking herein, but that said defendant, Cecil Gragg, be not discharged pending the appeal and determination of this cause by the Criminal Court of Appeals of the State of Oklahoma, but that he be enlarged and placed at liberty upon his own recognizance during the pendency of said appeal."

In the Grimes Case, supra [65 Okla. Cr. 99, 83 P. 2d 419], we held that the police court of Oklahoma City did not have the authority to confiscate liquor which had been procured by a search of the officers, but that the same should be delivered "before the court or judge having jurisdiction in the premises." The different statutes involved are cited and set forth in that case, and it is unnecessary to here repeat them. In the Grimes Case it was stated:

"It is contended by defendant that this case should be reversed for the reason that the liquor was destroyed by the police judge and was not produced at the trial for inspection by the defendant, and that there was no proof that it contained a per cent of alcohol of more than 3.2 per cent.

The record does not show any request on the part of the defendant or his counsel for permission to introduce in evidence any of the whisky taken from the possession of the defendant. It does not show that he even requested to be introduced the pint of whisky which the officer testified had been labeled and marked for evidence. Nor does it show any exception taken to the failure to introduce any of the liquor seized. The proof revealed that defendant was in possession of 20 pints of whisky. This court has often held that it will take judicial notice that alcohol and whisky are intoxicating and that it is unnecessary to prove the alcoholic content of the same. Moss v. State, 4 Okla. Cr. 247, 111 P. 950; Skelton v. State, 31 Okla. Cr. 343, 239 P. 189; Richardson v. State, 21 Okla. Cr. 393, 208 P. 1052."

It will be noted that the question here raised by the state was not raised in the Grimes Case. We have carefully considered that question and have come to the conclusion that the court erred in sustaining the demurrer to the evidence of the state in this case on the ground that the state failed to produce the identical liquor as alleged in the information, because the same had been destroyed by order of the police judge. No doubt the court based his decision upon the construction placed by him on the Grimes Case. We do not think that such construction is justified. We do not think that by reason of the fact that the liquor has been destroyed, even though it be by an illegal order, the state is bound to produce in court the original liquor in order to sustain the allegation that the defendant was in possession of intoxicating liquor.

The question of possession is a matter of proof, and the evidence in this case was amply sufficient to prove that the defendant had possession of intoxicating liquor without the identical liquor being offered in evidence. The officers testified that it was labeled whisky, that it bore the government seal, which was unbroken at the time it was confiscated, that it smelled like whisky. This was

certainly sufficient proof as against a demurrer to the evidence.

We can readily realize that a question of fact might arise in a given case as to whether the liquid was intoxicating liquor which would justify the jury in passing upon that issue under a proper instruction from the court, but the decisions of this court are that the court will take judicial knowledge that whisky, alcohol, etc., are intoxicating, and it is not necessary to prove the alcoholic content by analysis.

In the case of Youngblood v. State, 32 Okla. Cr. 336, 240 P. 1100, 1101, this court in construing section 2642 of Oklahoma Statutes 1931, Oklahoma Statutes Annotated, title 22, section 1261, says:

"It is not, however, always essential that the intoxicating liquor used in the violation of the law be introduced in evidence, but the wisdom of the statute referred to is manifest in a case of this kind, where the proof is of an inconclusive and unsatisfactory character."

In that case the evidence of the guilt of the defendant was very unsatisfactory. The bottle had been broken. It was a catsup bottle. None of the contents remained. Witnesses testified that they had tasted the same and that it was not fit to drink. The defendant's possession of the same was explained. The case was reversed.

In the instant case the evidence was much stronger. It showed conclusively that it was tax-paid whisky and bore the government seal, which was unbroken. Certainly this, coupled with the holdings of this court that judicial notice will be taken of whisky and alcohol, was sufficient evidence to warrant the court in finding the defendant was in the possession of intoxicating liquor, and he should have decided this question, the case having been submitted to him without the intervention of a jury. We can sur-

mise many instances when it would be impossible to present the identical liquor to the jury in liquor cases, and we do not think it was the intention of the Legislature in the enactment of the statute above cited that it should be so construed that it was necessary for the identical liquor to be produced in evidence before the court or jury. In many cases barrels of mash are taken. The possession of mash, under Oklahoma Statutes 1931, section 2607, Oklahoma Statutes Annotated, title 37, section 51, is a violation of the law. The production of these barrels of mash before the jury would be almost impossible, yet their possession may be proved by competent evidence.

The statutes also make the possession of a still a violation of the law. Oklahoma Statutes 1931, section 2608, Oklahoma Statutes Annotated, title 37, section 52. In many cases it would be not only inconvenient but practically impossible to present the still in evidence before the court or jury. In many instances the liquor is destroyed by breaking the same or by pouring it out. When this is done it then becomes a question of fact for the determination of the court or jury as to whether the defendant had possession of the liquor for the purpose of violating the prohibitory liquor laws of this state. The fact that the liquor had been destroyed, even though by an illegal order, and cannot be produced, is not a sufficient reason for sustaining a demurrer to the evidence because it was not so produced.

It is contended by the state that if this case is reversed, the defendant should again be placed on trial for the offense charged. This contention cannot be sustained.

Oklahoma Statutes 1931, section 3191, Oklahoma Statutes Annotated, Title 22, section 1053, heretofore quoted, provides the manner of taking appeals by the state. This statute should be construed in connection with Oklahoma

Statutes 1931, sections 2952, 2953, 2954, 2676, 2677, and 2678, Oklahoma Statutes Annotated, title 22, sections 508, 509, 510, 520, 521, and 522, which are as follows:

(1) "If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

(2) "If the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

(3) "If the court direct that the case be further prosecuted, the same proceedings must be had thereon as are prescribed in this article."

(4) "If the defendant was formally acquitted on the ground of variance between the indictment or information and proof, or the indictment or information was dismissed upon an objection to its form or substance, or in order to hold the defendant for a higher offense, without a judgment of acquittal, it is not an acquittal of the same offense."

(5) "When, however, he was acquitted on the merits, he is deemed acquitted of the same offense, notwithstanding a defect in form or substance in the indictment or information on which he was acquitted."

(6) "When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

In the instant case the defendant was charged in a court of competent jurisdiction by an information sufficient to sustain a conviction. The court was not called upon to quash or set aside the information, but after the state had introduced its testimony and rested, a demurrer was interposed by the defendant and this demurrer was sustained by the court, and the defendant discharged and his bondsmen exonerated. It is true that after this order was made, it was further ordered:

"That said defendant, Cecil Gragg, be not discharged pending the appeal and determination of this cause by the Criminal Court of Appeals of the State of Oklahoma, but that he be enlarged and placed at liberty upon his own recognizance during the pendency of said appeal."

This was evidently an attempt to comply with sections 2952, 2953, and 2954, Oklahoma Statutes 1931, Oklahoma Statutes Annotated, title 22, sections 508, 509, and 510. But these statutes apply only where a demurrer to the indictment or information has been sustained. They do not apply where a defendant was charged in a court of competent jurisdiction by a valid information and a jury has been empaneled and sworn to try the case, or the defendant has waived a jury and agreed to try the same before the court, and after the state had introduced its evidence and rested, and a demurrer was sustained to the evidence and the defendant discharged, and his bondsmen exonerated.

This question was before this court in the case of State v. Skelton, 36 Okla. Cr. 377, 254 P. 754, 755, and the court said:

"There having been a judgment of acquittal entered by the court, such judgment is final, and the defendants may not now be subjected to further prosecution in this case, nor to another prosecution for the same offense."

The facts in this case are almost identical with the facts in the case at bar. See also State v. Hunt, 43 Okla.

Cr. 376, 279 P. 519; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932; State v. Dennis, 28 Okla. Cr. 312, 230 P. 935; Davenport v. State, 20 Okla. Cr. 253, 202 P. 18.

This case is remanded with the direction that the order be entered upon the minutes of the court of common pleas of Oklahoma county, and the defendant be discharged.

JONES and DOYLE, JJ., concur.