## FRANK ENOCHS v. STATE.

No. A-10425.   July 18, 1945.
(161 P. 2d 87.)

Wimbish & Wimbish, of Ada, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Frank Enochs, was charged in the county court of Pontotoc county with the unlawful possession of intoxicating liquor; a jury was waived, defendant was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $100 and costs, and has appealed.

Three officers of Pontotoc county testified and their evidence was substantially the same. They each testified that they were armed with a search warrant for the defendant's place south of Ada. That they went to this place, which had formerly been a filling station; that the defendant was living in the station; that they made a search and found 84 pints of tax-paid whisky, wine, and gin. No evidence was offered on behalf of the defendant.

Counsel for defendant in their brief raised the proposition that the state failed to introduce the search warrant in evidence, which was purportedly used by the officers in making the raid, and that this was fatally defective to the legality of the conviction.

The presumption is in favor of the legality of all proceedings. No motion to suppress the evidence was presented. The officers testified that they were armed with a search warrant, although the search warrant itself was not introduced in evidence. If the defendant desired to question the validity of the search, he could and should have done so by timely motion or objection before the introduction of evidence.

The burden of proving the invalidity of a search rests on the defendant, and, where the case-made does not contain the affidavit nor search warrant, this court will presume that the search warrant was legal. Winger v. State, 43 Okla. Cr. 140, 227 P. 947; Ray v. State, 43 Okla. Cr. 1, 276 P. 785; Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216; O'Dell v. State, 80 Okla. Cr. 142, 158 P. 2d 180.

It is further contended that the judgment of the court was not supported by competent evidence. In that connection, counsel for defendant directs attention to the record where it is shown at the time the first witness for the state testified to the finding of 84 pints of whisky, gin, and wine, that counsel objected to such testimony for the reason that it was not the best evidence. The objection was overruled. Counsel did not request the trial court to require the officers to produce the intoxicating liquor in court. The officers testified positively that they found certain intoxicating liquors and described them. If counsel for defendant had requested the court to produce the alleged intoxicants for examination, or for inspection of the court, it would have been perfectly proper for the court to have required the liquor to have been brought into the court room for his examination. Youngblood v. State, 32 Okla. Cr. 336, 240 P. 1100; State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321. This objection was not interposed to the testimony of the other two officers. Their testimony as to the finding of the intoxicating liquor was given without objection.

A careful examination of this record convinces us that the defendant had a fair and impartial trial and that the judgment of the county court of Pontotoc county should be affirmed.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.