# BYRD v. STATE.

No. A-11190.  June 21, 1950.

(219 P. 2d 1027.)

Wimbish & Wimbish, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Annie Byrd, defendant below, was charged by information, with the offense of unlawful possession of intoxicating liquor, tried by a jury, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail. From this judgment and sentence she appeals.

The evidence briefly discloses that undersheriff George Latta and deputy sheriff Ed Dyson, armed with a search warrant, searched the defendant's home, a place of public resort, and found at least 12 pints of tax paid liquor. Said liquor was hidden under a loose board under a rug, under the heater. The affidavit for search warrant and the search warrant were introduced in evidence by the defendant. She thereby adopted the same and became bound by its contents as to her place being one of public resort. The evidence further discloses the defendant had paid a federal retail liquor dealer's license tax, and that her home had the reputation of being a "bootlegging joint". The defendant did not take the witness stand, and offered no evidence in her own behalf. The evidence was sufficient to support the information.

The defendant contends that the search was invalid because the return shows the officer making the search did not comply with the provisions of Title 37, § 84, O.S.A. 1941, as follows in part:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

In this connection the evidence discloses that the warrant was served on the defendant in person. There is no showing that the search and seizure was not legally made, or that prejudice resulted to the defendant in the officer's failure to comply with the statutory requirements in making his return. Under these conditions the same does not constitute reversible error. In Jackson v. State, 73 Okla. Cr. 149, 118 P. 2d 1044, it was said:

"Where search and seizure are legally made, statements of officers in return of search warrant are immaterial as bearing upon the validity of the search and seizure, unless defendant shows prejudice by reason of such statements."

This contention is therefore without merit.

Next, the defendant contends that the trial court permitted the introduction of incompetent evidence tending to show the home of the defendant was a place of public resort, and bore the reputation of being a bootlegging joint. The record discloses that the defendant introduced into the evidence the sworn affidavit for search warrant and the search warrant wherein the uncontroverted allegations were that the place was one of public resort. As hereinbefore stated, she adopted the same and became bound thereby, the recitals of which were buttressed by the sworn evidence of Officer Latta that he knew it was a place of public resort of his own personal knowledge, and in addition, preceding the search he saw a drunk man there. This showing being made, combined with the payment of a retail liquor dealer's license tax, which fact constitutes prima facie evidence of intent to sell, Title 37, § 81, O.S.A. 1941, it then became competent to show the general reputation of the place. In Boggess v. State, 70 Okla. Cr. 156, 105 P. 2d 446, 447, it was said:

"In prosecution for unlawful possession of intoxicating liquor, where the proof shows such possession at a place of public resort, evidence of the general reputation of the place as being a place where intoxicating liquor is kept for sale is admissible on the question of intent."

This contention is likewise without merit.

The defendant further contends that it was error for the trial court to deny his request that the seized liquor be produced. This contention has been held to be of no merit in State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321, 322, wherein it was said:

"Where one is charged with the unlawful possession of intoxicating liquor, it is not necessary for the State to produce the identical liquor as alleged in the information, before a conviction may be had for the unlawful possession. This is a question of fact to be decided by the court or jury."

See, also, Enochs v. State, 81 Okla. Cr. 111, 161 P. 2d 87.

The defendant further filed a supplemental brief in which he assigns as error the giving of instructions Nos. 6 and 7. No objection or exception was saved to the giving of these instructions at the time they were given. As was said in Giles v. State, 70 Okla. Cr. 72, 104 P. 2d 975, 976:

"By the fifth subdivision of Section 3057, O.S. 1931, 22 Okla. St. Ann. § 831, and Section 3079, O.S. 1931, 22 Okla. St. Ann. § 856, it is contemplated that instructions to the jury in a criminal case shall be settled before they are read to the jury, so that counsel, if they have any exceptions to the instructions, may point out their objections to the court and may submit additional instructions in order that the court shall have an opportunity to correct any error which he may have made.

Also to give counsel for the State an opportunity to join in requesting the correction of any error in the instructions. Where no exceptions to the instructions are taken until after they are read to the jury, such exceptions will be unavailing unless the errors are of a fundamental character."

To the same effect is Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584, 587; Gentry v. State, 86 Okla. Cr. 92, 189 P. 2d 626, and further holding that the giving of similar instructions did not constitute fundamental error. The defendant makes other assignments of error which we do not deem worthy of consideration. For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.