## ALLEN v. STATE.

No. A-11550. Sept. 24, 1952.

(248 P. 2d 653.)

John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Jesse Allen, defendant below, was charged in the court of common Pleas of Tulsa county, State of Oklahoma, with having on August 18, 1950, in Tulsa, Oklahoma, committed the offense of unlawful

possession of intoxicating liquor, to wit, 42 pints of assorted brands of tax-paid whiskey and gin. Defendant was tried by a jury, convicted, his punishment fixed at 30 days in jail and a fine of $50, judgment and sentence entered accordingly, and from which this appeal has been perfected.

The search and seizure herein involved was based on a valid search warrant served on Mrs. Allen, defendant's wife. The search of the premises disclosed a one-half pint of liquor in the dresser drawer, and a liquor plant under the south window of a bedroom located on the west side of the house where a loose board was removed disclosing the 42 pints of liquor. The search further disclosed the presence of a federal retail liquor dealer's license nailed on the wall in the bedroom where the defendant slept. The defendant came in while the search was in progress and when he was requested to open the plant, stated to the officers that he did not know how to open it. The liquor was concealed inside of the wall.

The defendant does not question the sufficiency of the evidence to sustain the conviction. His sole contention is that the trial court erred in the trial in not granting his demand for production of the liquor seized in the raid. Defendant's demand was made at the conclusion of the state's case. The trial court refused the demand for the production of the liquor in evidence on the premise that prior to the demand the whiskey herein involved and other whiskey had been ordered forfeited to the state to be sold, as provided by law, and because the whiskey in this case had become mingled with whiskey involved in other cases; and for the further reason that the defendant was not questioning the sufficiency of the evidence as to quantity or the alcoholic content of the liquor; therefore, the trial court stated the production of the whiskey was not essential to the determination of the issues involved in the case. The court's conclusion that the evidence was not essential is based upon the facts which the defendant said he proposed to prove. He contended that one John Hood, a known bootlegger, had lived in the house immediately prior to the defendant's residence therein. The record supports him in this. The record discloses that a prior case affirmed in the Criminal Court of Appeals established the fact that John Hood was prior to the time herein involved a bootlegger and resided in the residence since occupied by the defendant, Jesse Allen, and at the time of the raid herein in question. The defendant's position in substance was that if the liquor was produced in evidence he could prove by the labels on the bottles, by the tax stamps, and by markings upon the labels and boxes that the liquor was purchased in Illinois by a party other than this defendant prior to the time that this defendant lived upon the premises, and that the liquor did not belong to him but belonged to John Hood, the known bootlegger. The defendant did not question the alcoholic content of the liquor sezied in the search, nor did he question the amount as alleged and supported by the evidence. It has been held in such cases it is not error in certain cases to refuse the demand of the production of the liquor seized in the raid. Byrd v. State, 91 Okla. Cr. 433, 219 P. 2d 1027; State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321, 322; Enochs v. State, 81 Okla. Cr. 111, 161 P. 2d 87; Youngblood v. State, 32 Okla. Cr. 336, 240 P. 1100. Here it is not disputed the liquor was found as alleged on the defendant's premises, and that he was the possessor of a federal liquor dealer's license. To take stock in the defendant's theory that the liquor belonged to John Hood and not the defendant, under the conditions hereof, presumes entirely too much on the credulity of this court as it did upon the credulity of the jury. The court will take judicial knowledge of the fact that there are wholesale and retail liquor dealers and that the retail dealers often buy their liquor from wholesalers. Liquor purchased by John Hood may have been bought for resale by retailer Jesse Allen. Nevertheless, if the defendant had not possessed a federal retail liquor dealer's license, there might have been evidence of substance in his disclaimer of ownership of the liquor and the claim it belonged to John Hood, but being in

possession of the federal retail liquor dealer's license the disclaimer of ownership of the liquor does not even approach the similitude of a shadow of truth. Here no prejudice appears to the defendant's rights. Only in such cases it amounts to error not to require the introduction of the liquor into evidence. Wilson v. State, 91 Okla. Cr. 157, 217 P. 2d 199. Furthermore, the defendant might have subpoenaed John Hood to identify the whiskey as his own but this he did not do. Moreover, regardless of whether the liquor in question came from Illinois as the defendant contended and belonged to John Hood, it was secluded on the defendant's premises in Tulsa and who was admittedly in possession of a federal liquor dealer's license. Neither the trial court nor this court is concerned in this case with the point of origin of the purchase of the liquor or the purchaser thereof at the point of origin. We are not concerned with who may have purchased this liquor in Illinois or elsewhere, or how he may have delivered or sold the said liquor to the said Jesse Allen. We are here concerned with and interested only in the question of the unlawful possession by this defendant in Tulsa county of the liquor in question. The question of who purchased the liquor in Illinois was entirely irrelevant to the issue of possession in Tulsa and it was not error to refuse the demand for production of the liquor in evidence. For all the above and foregoing reasons, the judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.