# RYAN v. STATE.

No. A-11796.  June 24, 1953.

Rehearing Denied July 15, 1953.

(258 P. 2d 1208.)

S. J. Clendinning, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., and A. M. Widdows, City Atty., Tulsa, for defendant in error.

POWELL, P. J.  The appellant, Jack Ryan, was charged in the municipal criminal court of the city of Tulsa, with the offense of driving a motor vehicle on a highway while under the influence of intoxicating liquor.  He was tried by a jury which returned a verdict of guilty and left the punishment to be assessed by the court, and the court assessed punishment of a fine of $59, and defendant to serve ten days in jail.  Appeal has been perfected to this court.

The state offered the evidence of six witnesses to show that defendant was driving his car on the streets of Tulsa in a reckless manner, as alleged in the information, and ran his car into a parked car, and that thereafter Officer Newton and a second officer in a traffic car and who were driving to the rear of the defendant at the time, sounded their siren and turned on the red spotlight and caused the defendant to stop half a block away. Several officers swore that the defendant had the smell of alcohol on his breath and acted as if he were under the influence of intoxicating liquor.

The defendant admitted having consumed two beers just prior to the accident, but denied being intoxicated, and claimed that a shot of insulin that he had to take just prior to the accident accounted for any unusual appearance, if any. He claimed that the officers without cause turned the spotlight on him and sounded the siren and that frightened him and caused him to run into the parked car. He claimed that the officers were prejudiced against him on account of some kind of an argument existing between city employees and the police department about an increase in salary, and that Mr. Ryan was the leader of the city employees in blocking the increase in salary of the city of Tulsa police department.

The officers, on the other hand, claimed that they did not know who was driving the car until after the car had been stopped, and one of the officers did not then know the defendant. They claimed the arrest was made solely on account of the erratic driving and the collision and their resulting conclusion that the defendant was intoxicated.

The court would not permit cross-examination concerning the alleged controversy involving salary increase of members of the police department that the defendant is supposed to have blocked, but the matter did come to the attention of the jury by the questions and answers in the examination of some of the witnesses. If the officers did not know who was driving the car until after the arrest, the question of prejudice on the part of the policemen in general against the defendant on account of his activities in the salary dispute would not require consideration. It will be noted that there was no claim of any past difficulties with or personal prejudice on the part of the arresting officers. In the case of Kilpatrick v. State, 90 Okla. Cr. 276, 213 P. 2d 584, this court said:

"It is difficult to say just how far a trial court should go in the admission of collateral matters such as this for the purpose of showing the relationship of the parties in so far as it would affect the credibility of the witness. It might have been that the court should have allowed the defendant to have gone into more details concerning the controversy with Mills, but the trial courts are necessarily vested with a large amount of discretion in controlling the issues that are to be tried of the guilt or innocence of the accused, and should not allow the trial to be side-tracked by hearing the merits of a collateral controverted matter between the parties. The court's ruling in this regard will be sustained."

As to the question of the charge set out in the information, there was an issue of fact presented for the jury to determine and their conclusion was adverse to the defendant. Simonton v. State, 94 Okla. Cr. 274, 235 P. 2d 542.

The record discloses no fundamental error. Tit. 22 O.S. 1951 § 1068 and the fourth paragraph of the syllabus in Byrd v. State, 91 Okla. Cr. 433, 219 P. 2d 1027, and Walker v. State, 93 Okla. Cr. 251, 226 P. 2d 998 and Tripp v. State, 94 Okla. Cr. 231, 237 P. 2d 171, are conclusive of certain points raised. We are not required to treat these issues further. Tit. 20 O.S. 1951 § 47.

The verdict and judgment are affirmed.