Edward WILLS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12140.

Criminal Court of Appeals of Oklahoma.

June 15, 1955.

F. C. Helm, Henryetta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Edward Wills, plaintiff in error, hereinafter referred to as defendant, was charged in the Superior Court of Okmulgee County, Henryetta Division, with the crime of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, after prior conviction on a similar charge. He was tried before a jury, convicted and his punishment fixed at one year and a day imprisonment in the State penitentiary, and a fine of $100.

On appeal two grounds for reversal are urged:

"1. That the evidence is wholly insufficient to sustain the judgment and sentence; and

"2. That the penalty assessed is excessive."

The record discloses that the defendant, an Indian boy, on 12 March, 1953, prior to the charge in the within case, entered a plea of guilty in the Superior Court of Okmulgee County, Henryetta Division, to a charge of driving a motor vehicle on a public highway while intoxicated, and was sentenced to thirty days confinement in the county jail, a fine of $100 and costs taxed at $26.10.

In the within case one Sam Sains testified that he lived in Henryetta; that on 28 February, 1954, he was out driving and around 2 or 2:30 P.M. he met defendant on a country road coming from the east towards Henryetta; that his car was being driven from one side of the road to the other, and so much so that witness was forced to drive into the bar ditch to prevent a collision with defendant's car. He testified that he soon turned around and started back to Henryetta, and two or three miles from where he first observed the defendant and on towards Henryetta he saw the defendant to the left and near the highway, sitting on the ground and his car was wedged between a tree stump and a tree and completely wrecked. The car had left the road on a right-hand curve.

This witness was corroborated by Wyvona McIntosh, who had been out driving with Sains, but it was her thought that her companion had only had to slow down and pull over to the edge of the road and did not drive into the bar ditch.

Don Stormont, chief of police of Henryetta, testified that on 28 February, 1954 he saw defendant about a mile east of Henryetta on the Tiger Mountain road that runs east; that he had been called to the car wreck and found defendant and a companion at the scene; that defendant was on the ground badly hurt; his head was badly cut and witness wrapped it in a pillow case from the ambulance. He testified that defendant had a strong odor of "cat" liquor about him, and that he got him on his feet and talked to him; that defendant recognized him; that he was not "barrel-house drunk, but was liquored up pretty good."

Claude Ingram, Henryetta policeman, was with the chief of police, observed the defendant and testified that in his opinion defendant was drunk.

O. L. Rauch, highway patrolman, investigated the accident, and said that from the point where brakes were apparently applied on a curve in a roadway to where it collided with a couple of trees in a fence row measured 248 feet. He testified that he went to the hospital in Henryetta where the

defendant had been taken to get his statement, and that defendant did not remember anything about the accident, and asked the trooper "Where did it happen, down on No. 9?" Witness was unable to get any information, so went to see the defendant again the next evening at this hospital. He said defendant told him, "I just had one little old drink", and said that he was driving one Lawrence Rice home.

Lawrence Rice testified for the defendant, denied that defendant was drunk or that he had seen him take a drink, said that defendant seemed sober to him. Witness said that he personally had not been drinking.

Several of defendant's relatives testified to having seen defendant just prior to the time he went to drive Lawrence Rice home; that they did not see either drink and denied that they were intoxicated or drinking.

Magglene Russell, sister of the defendant, testified that the defendant arrived at her home about 1:00 P.M. the day in question, denied that he had been drinking, but did say that she thought Rice had been drinking, and for such reason had tried to get her brother to give up making the drive that day. She admitted that she had talked to Highway Patrolmen O. L. Rauch and Frank Grall, but denied telling them that she had tried to get her brother not to leave her house because he and Rice had been drinking.

Sam Hansley, defendant's brother-in-law, testified that he had been working on defendant's car just prior to 28 February, 1954 and that it had a defective front end and tended to pull to the left, and that he tried to get over and warn defendant about the car and to see about getting parts to fix it, but that defendant left the Russell home before witness arrived.

Nancy Amos, defendant's mother, testified and denied that her son was drinking on the day of the accident; testified that he was seriously injured in the car wreck and was still ailing at the time of the trial, and that he "talked kind of wild like somebody just kind of knocked out" for a time after the accident.

Faye Lowe, defendant's sister, testified that the defendant had not to her knowledge been drinking prior to the time he started to drive Lawrence Rice home, but that Rice acted as if he had been drinking.

The defendant did not testify.

On rebuttal highway patrolman Rauch testified that when he went to the hospital to interview the defendant, his sister, Mrs. Russell, was there. He asked her if her brother and Rice were at her house just prior to the accident, and she answered "yes"; and further stated that she tried to get them not to leave because they were drinking. Witness was corroborated by officer Frank Grall.

The chief complaint of counsel is that the State failed to introduce evidence to show that the liquor smell in question was from the breath of the defendant; that no proof was offered that defendant's face was red, except from blood; that he staggered when he walked, had red eyes, or talked as if he had a thick tongue, talked wild or cursed; that no proof was offered that liquor was found in or around the car.

The brief of counsel for the defendant is forceful, though he failed to summarize the evidence in the case, as provided by Rule 7 of this court. 22 O.S.A. c. 18 Appendix. Counsel made an excellent presentation of defendant's side of the case at the time the case was orally argued. However, any doubts that we may have entertained as to the sufficiency of the evidence to support the verdict of the jury immediately vanished when we became familiar with the evidence.

█ While evidence along the line outlined in defendant's brief would have been proper and ordinarily a county attorney could be expected to make some effort to offer such proof, where possible, still, from the evidence recited, the jury if they believed the evidence of the State, had sufficient basis to support their conclusion that the defendant was intoxicated at the time and place charged.

█ As we have so often said, this court does not weigh the evidence. That is the function of the jury. Ryan v. State, 97 Okl. Cr. 119, 258 P.2d 1208; Gray v. State, 97

Okl.Cr. 121, 258 P.2d 950; Moulton v. State, 88 Okl.Cr. 184, 201 P.2d 268; Bohot v. State, 89 Okl.Cr. 238, 206 P.2d 585.

As said in Walker v. State, 89 Okl. Cr. 284, 207 P.2d 341, 342:

"1. Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts.

"2. The function of the criminal Court of Appeals is limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably conclude that the accused is guilty as charged."

It is argued that the sentence imposed is excessive; that the defendant was an Indian, that he was not a criminal but that it was easy for the officers to jump to the conclusion that he was intoxicated; and that they by snap judgment so concluded without making the recognized tests to determine such as a scientific fact.

The jury no doubt reflected on the fact that the previous incarceration for thirty days for a similar offense had failed to act as a deterrent. They no doubt reflected on the fact that defendant had so lost control of his vehicle as to drive 248 feet after applying the brakes before he landed against two trees and he and his passenger miraculously escaped death. They no doubt reflected on the prior near accident, and on their duty in endeavoring to stop the daily and mounting slaughter on the highways of this State and Nation by reason of drunk driving.

We are constrained to and do remit the fine assessed, but the year and a day sentence to the penitentiary must stand.

As so modified, the judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.