Julio LA SANTA, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12484.

Criminal Court of Appeals of Oklahoma.

July 3, 1957.

Rehearing Denied Sept. 4, 1957.

Gerald F. O'Brien, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Julio La Santa was tried in the district court of Tulsa County where a jury was waived, on a charge of driving while under the influence of intoxicating liquor, second offense; was convicted and his punishment fixed at one year imprisonment in the State Penitentiary at McAlester, and to pay a fine of $100 and costs taxed at $101.-80.

While appeal was duly presented to this court, no brief was ever filed in support of the petition in error, and no one appeared when the case came on for oral argument. No fundamental error being noticeable in the record, the case is subject

to summary affirmance. Sisk v. State, 97 Okl.Cr. 229, 261 P.2d 629; Marshall v. State, 97 Okl.Cr. 398, 264 P.2d 770. Nevertheless, we have read and given consideration to the entire record.

The evidence on the part of the State tended to prove that on October 14, 1956, in Tulsa County, defendant operated a 1950 Cadillac sedan bearing Oklahoma 1956 license No. 2–67737, over Oklahoma State Highway 97 at a point two miles south of Sand Springs while under the influence of intoxicating liquor.

Virgil Swift, who was driving behind defendant's vehicle, testified that defendant would drive in the middle of the highway and not pull over to his right until an approaching vehicle was very near him. Witness said that defendant was driving very slowly but that he was afraid to try to drive past him for fear of a collision by reason of defendant's manner of operating his car. Witness further stated that as they were proceeding along they met a State Highway Patrol car, and the patrolmen made a "U" turn and drove immediately back of defendant's car and turned on their lights and siren, and got him stopped and pulled defendant from his car and took him to the patrol car and questioned him; that witness approached the car and the officers asked him to get in the front seat and see if he could smell alcohol, but witness said that he smelled alcohol as soon as he put his head in the car window. It was the opinion of witness that defendant was under the influence of intoxicating liquor.

E. A. Cummings, a highway patrolman, testified that defendant was one and the same person arrested by him and his partner in 1954 and charged in case No. 84495 in the court of common pleas of Tulsa County with driving while under the influence of intoxicating liquor. He said that he did not testify at the trial and did not have personal knowledge whether defendant was convicted or not. It was stipulated, however, that the court clerk, if called, would testify that on March 2, 1954 a Julio La Santa was convicted in the case

in question on the charge of driving while under the influence of intoxicating liquor, and fined $100 and costs.

E. J. Edwards, highway patrolman, testified to arresting defendant on October 14, 1956. He said this took place around 10 or 10:15 in the evening. He said that he and his partner were driving north towards Sand Springs and meeting oncoming traffic. Said he:

"A. There was a car straddle the center line when we met it, it was a green '50 Cadillac, and as we met the car we noticed there was something wrong with it, so we pulled over on the shoulder and turned on the red lights. There was a string of cars behind the Cadillac and they stopped and the Cadillac just proceeded on. We made a U turn across the road and caught up with the car and at that time we turned on two red lights and the spot light and the siren and the subject slowed down to approximately five miles per hour, but just drove on at that speed, he didn't stop, and we followed him for a short distance that way, then I pulled up right behind him and stopped the patrol car, Trooper Moran and myself both jumped out of the car and ran up beside the Cadillac and hit on the side of the car, hollered at the driver to stop. He looked back at me, then looked down at the brake, put his foot on the brake and stopped. When he stopped, I reached in, set the emergency brake and asked him to get out.

"Q. Did you have to chase the automobile on foot? A. Yes, sir, I run, oh, probably a half a block after I stopped the patrol car.

"Q. Do you see the person in the court room who was driving the automobile that evening? A. Yes, sir.

"Q. Could you point him out to the court? A. The gentleman sitting over there with the dark suit.

"Mr. Simms: Let the record show the witness identifies the defendant, Julio La Santa."

Witness said that they put defendant in the patrol car and witness drove the Cadillac on to the shoulder of the road. Defendant had a lady companion with him, so they had her get in the back seat of the patrol car. Witness said that defendant had a strong odor of alcohol about him, and staggered when they got him out of his car. It was the opinion of this witness that defendant was definitely under the influence of intoxicating liquor.

Defendant testified and denied being intoxicated at the time of his arrest, and denied having had a drink of intoxicants on the afternoon or evening of his arrest. He said that he was employed as a tooling clerk at the Douglas Plant and was driving his fiancee to her home in Sapulpa; that they had done some window-shopping in Tulsa and had eaten supper at Pennington's restaurant. He said that he was driving slowly and in the middle of the highway because it had been raining and the highway was slick and there was a slow driver ahead of him. He admitted that he had paid a fine at a prior time on a conviction of driving while under the influence of intoxicating liquor.

On cross-examination defendant could not remember any other convictions, but finally on questioning admitted that he had on May 29, 1953, been convicted in the municipal court of Tulsa on a charge of driving while under the influence of intoxicating liquor. He also admitted that in case No. C 11,533 in the Municipal Court of Tulsa county he had been convicted of reckless driving.

Mary Smith Mulholland La Santa testified that she was the wife of the defendant and was in the car with him on October 14, 1956 when they were stopped by the highway patrolmen and defendant was arrested. She said that he had not taken a drink of an alcoholic beverage in her presence, that she did not smell the odor of alcohol upon him and that defendant was not in her opinion under the influence of intoxicants when arrested.

There was some rebuttal by the State's witness Edwards and the case closed.

█ There was some slight discrepancy in the testimony of the State's witness Swift and Edwards as to some of the details. But Swift was not sure when it rained and thought Edwards held the arm of defendant at all times after he got out of his car until he entered the patrol car, when the evidence of both the State and defense showed that the officer released the arm of defendant and permitted him to walk unassisted to the patrol car. However, the trial court weighed the evidence and concluded that the State had proven, beyond a reasonable doubt, that the defendant was intoxicated so as to affect his ability to drive at the time of his arrest. Such finding under the evidence, is binding on this court.

█ As we said in Smith v. State, Okl.Cr., 313 P.2d 794, and in Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208, and many other cases:

"Where evidence is conflicting and different inferences may be drawn therefrom, it is province of jury to weigh such evidence and determine the facts.

\*    \*    \*    \*    \*    \*    \*

"Criminal Court of Appeals will not reverse case for insufficiency of the evidence if there is any substantive evidence on which jury could reasonably base its verdict of guilty."

The judgment is affirmed.

BRETT, P. J., and NIX, J., concur.