JOHNSON v. CITY OF BENTON

5199                                   402 S. W. 2d 395

Opinion delivered May 9, 1966

*J. B. Milham,* for appellant.

*Bruce Bennett,* Attorney General, *Fletcher Jackson,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Bertha Johnson, was found guilty by a Saline County jury of possessing untaxed liquor, and her punishment was assessed at a fine of $500.00, and six months in jail. From the judgment so entered, appellant brings this appeal.

It is first urged that the evidence.was not sufficient to sustain the conviction. Proof developed on the part of the city reflected that Patrolman Blumbelow, of the Benton Police Force, found a half-gallon of untaxed (moonshine) whiskey in a storeroom, located approximately twenty feet to the rear of appellant's residence. According to his testimony, this outbuilding was the closest building to her house; it was located on a portion of the property occupied by appellant; the outbuilding and appellant's home were enclosed within a fence, and these buildings were the only two inside the fence.

Appellant admitted that she lived in the house on the property in question, but, with reference to the outbuilding, testified, "I haven't had anything to do with that building in over two years." She stated that she rented the house in which she lived, and that she did not have any liquor in her possession; further, that she had formerly stored soda water[1] in the storeroom, but had not even had a key to this building for about two years, having returned it to the owner. However, James Steed, Chief of Police of the city of Benton, testified

---

[1] Appellant testified that she had operated a cafe, but it "didn't succeed."

that he had obtained a search warrant "last winter"[2] to search the storeroom, and found it locked; that appellant had unlocked the door to the building at that time in order for him to enter. The questions of whether appellant was in control of this outbuilding, and whether the whiskey belonged to her, were fact questions, and thus proper questions to be passed upon by the jury. For that matter, even if the building was not under the control of appellant, that fact alone would not prevent a conviction. In *Roberts* v. *State,* 220 Ark. 245, 247 S. W. 2d 360, the defendant was convicted of possession of untaxed liquor. No liquor was found in the house, but a considerable amount was discovered back of it. The whiskey was found in some brush, located in a pasture to the rear of the residence, which was *separated from the defendant's backyard by a net wire three or four feet high.* Roberts disclaimed ownership of the liquor, and stated that he had no knowledge that it was on the premises adjoining his home. Circumstantial evidence was offered, tending to show that Roberts was the owner of the whiskey, and this court held that a jury question was presented.

Testimony was also offered under Ark. Stat. Ann. § 48-940 (Repl. 1964) that appellant bore the reputation of bootlegging. We think the evidence was sufficient to sustain the jury verdict.

It is asserted that error was committed because the whiskey was not introduced into evidence. This question seems to be raised for the first time here in this court, but at any rate, the contention is without merit. In the case of *Byrd* v. *State,* 219 P. 2d 1027, the Criminal Court of Appeals of Oklahoma said:

"The defendant further contends that it was error for the trial court to deny his request that the seized liquor be produced. This contention has been held to be of no merit in *State* v. *Gragg,* 71 Okl. Cr. 213, 110 P. 2d 321, 322, wherein it was said: 'Where one is charged

[2]The instant case was tried in October, 1965.

with the unlawful possession of intoxicating liquor, it is not necessary for the State to produce the identical liquor as alleged in the information, before a conviction may be had for the unlawful possession. This is a question of fact to be decided by the court or jury.' "

Here, there was not even a request during the trial that the seized liquor be produced. See also *Workman* v. *State*, 175 P. 2d 381.

It is argued that the search of the storehouse was unlawful. This search was conducted under the authority of a search warrant issued by the municipal judge after an affidavit for the warrant had been presented by Officer McClintock.[3] Appellant asserts that the storehouse is not covered by the search warrant, but we disagree with the contention. While the printed portion of the affidavit refers to the fact that whiskey is concealed in the "house" occupied by appellant, there is written into the warrant in the proper blank the statement that illegal liquor is concealed "on the premises" of Bertha Johnson. The search warrant itself refers to the term used in the affidavit, "premises of Bertha Johnson," and then further provides, "[printed] and that said complaiant [sic] suspects that such property is concealed in the house occupied by [in handwriting] Bertha Johnson or [or '&'] building." It cannot be determined whether the illegible word is "or" or an ampersand. At any rate, we think the affidavit and warrant are sufficient to identify and authorize a search of the storage building.

Appellant alleges that Chief Steed's mention of prior searches of appellant's premises, and his testimony relative to her reputation as a bootlegger were prejudicial. No objections were made to this testimony during the trial, nor is there any mention of it in the motion for new trial. Accordingly it is not necessary

---

[3]Appellant objected to the introduction of the search warrant, but upon being overruled, saved no exceptions to the ruling of the court.

that we discuss these questions. *Tiner* v. *State*, 239 Ark. 819, 394 S. W. 2d 608.

On the whole case, we find no prejudicial error.

Affirmed.